## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | RAYMOND C. PRICE, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | Case No. CIV-15-459-L |
| | | ) | |
| 1. | TILLEY PRESSURE TEST INC., | ) | JURY TRIAL DEMANDED |
| | | ) | ATTORNEY LIEN CLAIMED |
| | Defendant. | ) | |

### COMPLAINT

**COMES NOW THE PLAINTIFF,** and for his causes of action, herein alleges:

### PARTIES

1.  The Plaintiff is Raymond Price, a forty-three year old male, who resides in Stephens County, Oklahoma.

2.  The Defendant is Tilley Pressure Test Inc., a domestic for-profit corporation doing business in Canadian County, Oklahoma.

### JURISDICTION AND VENUE

3.  Plaintiff's action is for age discrimination (including termination) in violation of the Age Discrimination in Employment Act (ADEA) and by the OADA and/or Oklahoma's public policy against age discrimination. Plaintiff also brings a cause of action for retaliation for filing a workers' compensation claim in violation of the Oklahoma Workers' Compensation Act (85 O.S. §§1, 341). Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. § 1331. The state law claims arise out of the same core of facts, and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

4.  All of the actions complained of occurred in Canadian County, Oklahoma, and the Defendant may be served in that county. Canadian County is within the Western District of the United States District Court of Oklahoma, and venue is appropriate in

1

this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.  Defendant has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is a covered employer under the ADEA and Oklahoma's Anti-Discrimination Act.

6.  Plaintiff is an adult male who began working for Defendant as a General Laborer at its Duncan facility around April 1, 2013.

7.  Around July 2013, Plaintiff was promoted to the position of NDT Inspector and transferred to Defendant's El Reno facility.

8.  As a result of Plaintiff's transfer, Plaintiff's new supervisor was Wade Christian, a younger male in his thirties.

9.  Following Plaintiff's transfer to the El Reno facility, Plaintiff was subjected to discriminatory comments from Wade Christian, supervisor, because of Plaintiff's age.  These comments include, but are not limited to, the following:

   A.  On multiple occasions, Mr. Christian asked Plaintiff why he was working in general labor at his age.

   B.  Around July 2013, Mr. Christian told Plaintiff that he would never be able to move up in the company because of his age.

   C.  Around November 2013, the company participated in "No Shave November" to raise money for charity. When Plaintiff submitted his participant picture for Defendant's newsletter, Mr. Christian made jokes about how Plaintiff had a beard full of gray hair.

   D.  Around December 2013 and continuing through the end of Plaintiff's employment, Mr. Christian asked Plaintiff approximately twice a week why he could not work as fast as the younger employees, despite the fact his work was performed in a timely and satisfactory manner.

2

E. Around January 2014 and continuing through the end of Plaintiff's employment, Mr. Christian began to comment on a weekly basis that someone Plaintiff's age could not perform manual labor.

F. Around January 2014, Mr. Christian asked Plaintiff if he had kids. When Plaintiff responded that he and his wife did not have children yet, Christian responded that they needed to have them soon or else Plaintiff wouldn't be around long enough to see them grow up.

10. On or about August 2, 2013, Plaintiff was employed by Defendant, and his employment was subject to and covered by the provisions of the Oklahoma Workers' Compensation Act.

11. On or about August 2, 2013, Plaintiff sustained an accidental on-the-job injury to his shoulder arising out of and in the course of his employment with the Defendant.

12. On or about August 2, 2013, Plaintiff informed Defendant's foreman, Josh Mosier, of his injury and that it was an on-the-job injury.

13. As a result of the on-the-job injury, Plaintiff was required to have surgery and was taken off of work by Dr. Gary Anderson.

14. On or about December 6, 2013, Plaintiff was released to return to work with restrictions, which consisted of modified work schedule and weight restrictions.

15. Following Plaintiff's return to work, Plaintiff was subjected to retaliatory comments and actions due to his on-the-job injury.

A. Around January 2014, Mr. Christian would say something to the effect of "Why did you come to work for this kind of job if you were not going to be able to do it?" on a weekly basis.

B. Around December 2013, Mr. Christian publicly embarrassed Plaintiff in front of his co-workers by making comments about his lifting restrictions such as, "I will leave the broom over here because Ray can't lift more than two

3

pounds."

16. On or about January 14, 2014, Mr. Christian assigned Plaintiff additional job duties in the Inventory Department.

17. Plaintiff's additional duties in the Inventory Department required Plaintiff to exceed his weight and lifting restrictions.

18. Around February 2014, Plaintiff complained about Mr. Christian's comments and actions to Steve Root, Regional Manger, and told Mr. Root that he could not operate in such a hostile work environment.

19. In response to Plaintiff's complaints, Mr. Root advised Plaintiff that he would speak with Mr. Christian about his concerns.

20. On February 25, 2014, approximately one week after Plaintiff's complaint, Mr. Christian issued Plaintiff a negative performance evaluation.

21. Mr. Christian issued Plaintiff a negative performance evaluation in retaliation for his complaint to Mr. Root.

22. As further evidence of retaliation for complaining about Mr. Christian's conduct, Mr. Christian began to issue Plaintiff weekly evaluations.

23. Mr. Christian did not issue weekly evaluations to the other employees, and claimed the evaluations were to "monitor Plaintiff's situation".

24. During the morning of March 18, 2014, Plaintiff was performing his work duties when Tyrone Etticity, a younger employee in his twenties, came from behind and struck Plaintiff in the thigh.

25. Plaintiff immediately reported Tyrone's conduct to Casey Choate, Foreman. Mr. Choate informed Plaintiff that he would "take care of it".

26. During the afternoon of March 18, 2014, Plaintiff was terminated by Wade Christian.

27. Following Plaintiff's termination, Plaintiff received a letter from Defendant stating insubordination, excessive absenteeism, and unsatisfactory performance or conduct

4

as the reasons for Plaintiff's termination.

28.    The reasons given for Plaintiff's termination are false and pretextual, in that Mr. Christian told Plaintiff during the termination meeting that he was being fired for throwing him under the bus and calling Steve Root.

29.    Motivating factors in the decision to terminate the Plaintiff were Plaintiff's age in violation of the ADEA and state law, with another significant factor being retaliation for filing a workers' compensation claim. At the least, Plaintiff's termination was the result of mixed motives which included Plaintiff's age, retaliation for filing a workers' compensation claim, and his complaints regarding such discrimination and retaliation.

30.    As the direct results of actions taken by Defendant and its agents, Plaintiff has suffered and continues to suffer lost wages, benefits, and emotional distress damages including stress, anxiety, worry, embarrassment, humiliation, and similar unpleasant emotions.

31.    Plaintiff has exhausted his administrative requirements under the ADEA and Oklahoma statutes by timely filing a charge of discrimination with the EEOC on August 12, 2014. The EEOC issued Plaintiff his right to sue letter on February 11, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

## COUNT I

For Plaintiff's first cause of action, he incorporates the allegations set forth above and further provides that:

32.    At the time of his termination, Plaintiff was known by the Defendant to have suffered a workers' compensation injury as defined under the Workers' Compensation Act (WCA).

33.    Defendant terminated Plaintiff's employment because he had suffered an injury

pursuant to the WCA and litigated the claim, and retaliation for such injury and claim is a violation of the WCA.

34. As a result of Defendant's actions, Plaintiff suffered lost wages (past, present and future, as well as for the value of benefits associated with such earnings) and dignitary harms including worry, embarrassment, and other similar emotions for which he is entitled to compensation.

35. Because the actions of the Defendant were willful, malicious, or at the least, in reckless disregard for Plaintiff's state protected rights, Plaintiff is entitled to an award of punitive damages under Oklahoma law.

## COUNT II

For Plaintiff's second cause of action, he incorporates the allegations set forth above and further provides that:

36. Discrimination based on Plaintiff being over forty (40) years of age is a violation of the ADEA.

37. Retaliation against the Plaintiff for complaining of discrimination based on his age is also a violation of the ADEA.

38. Under the ADEA, the Plaintiff is entitled to recover his wage loss damages, past, present and future, but not dignitary harm damages.

39. For retaliation under the ADEA, Plaintiff is entitled to receive compensation for his wage loss, past, present and future, together with compensation for the dignitary harms he has suffered.

40. Under the ADEA for the discrimination and retaliation claim, the Plaintiff may recover liquidated damages based on the willful nature of the discrimination and retaliation.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims, and that this Court grant the Plaintiff all available

compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>30th</u> DAY OF APRIL, 2015.**

s/ Christine Coleman Vizcaino
Mark Hammons, OBA #3784
Christine Coleman Vizcaino, OBA #30527
HAMMONS, GOWENS, HURST
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Christine@hammonslaw.com
*Counsel for Plaintiff*

Jury Trial Demanded/
Attorney Lien Claimed